**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| IN RE: | : | |
| JOHN FRANCIS MURPHY | : | 3: 06-MI-039 |
|  | : | |
|  | : | |

## ORDER

**THE BACKGROUND TO THIS ORDER IS AS FOLLOWS:**

On February 7, 2006, the Supreme Court of Pennsylvania suspended John Francis Murphy ("Respondent") from the Bar of the Commonwealth of Pennsylvania for a period of five years. The Supreme Court of Pennsylvania imposed this discipline after an investigation into certain allegations made Respondent's former clients, Mr. and Mrs. Alfred Tomb, revealed that Respondent purchased a junior mortgage on certain real property owned by the Tombs, thereafter purchased the property in its entirety in connection with a sheriff's sale, and ultimately ejected his clients from the property. In connection with this process, Respondent made a profit of approximately $9,000.

A copy of the Supreme Court of Pennsylvania's disciplinary decision was forwarded to this Court, and proceedings were thereafter initiated to determine whether this Court should impose reciprocal discipline against Respondent pursuant to Local Rule 83.21.4. Attorney Sidney J. Prejean, a member of the bar of this Court, was appointed as pro bono counsel to prosecute the above-captioned disciplinary proceeding. Attorney Prejean submitted a memorandum on September 8, 2006, recommending the imposition of identical discipline as both reasonable and appropriate in light of Respondent's conduct. Respondent filed a response to the prosecutor's memorandum on October 2, 2006.

**II.      Discussion**

The United States Court of Appeals for the Third Circuit has explained that

> A reciprocal disciplinary proceeding such as the one at issue here, in which a federal court initiates action against a member of its bar based on the outcome of a state disciplinary proceeding against that attorney, requires federal courts to conduct an independent review of the state disciplinary proceeding prior to imposing punishment.

In re Surrick, 338 F.3d 224, 231 (3d Cir. 2003). Although decisions rendered by state courts regarding attorney discipline are not conclusively binding upon federal courts, they are entitled to respect and district courts must not ignore the original proceedings. Id. In considering reciprocal disciplinary proceedings, district courts should examine the state proceedings "for consistency with the requirements of due process, adequacy of proof and absence of any indication that imposing discipline would result in grave injustice." Id. (quoting In re Jacobs, 44 F.3d 84, 88 (2d Cir. 1994)). In this regard, federal courts should impose reciprocal discipline unless "an intrinsic consideration of the state record" indicates one of the following infirmities:

> 1. That the state procedure, from want of notice or opportunity to be heard, was wanting in due process; 2, that there was such an infirmity of proof as to facts found to have established the want of fair private and professional character as to give rise to a clear conviction on [the part of the federal court] that [it] could not, consistent [] with [its] duty, accept as final the conclusion on that subject; or 3, that some other grave reason exist[s] which should convince [the federal court] that to allow the natural consequences of the judgment to have their effect would conflict with the duty which rests upon [the court] not to disbar except upon the conviction that, under the principles of right and justice, [it is] constrained so to do.

Id. at 231 (quoting Selling v. Radford, 243 U.S. 46, 51 (1917)). These factors have been codified in Rule 83.21.4 of the Local Rules of this Court, which provides that the Court:

> shall impose the identical discipline unless the respondent attorney demonstrates, or this court finds, that upon the face of the record upon which the discipline in another jurisdiction is predicated it

      clearly appears:

      (a) That the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
      (b) That there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not, consistent with its duty, accept as final the conclusion on that subject; or
      (c) That the imposition of the same discipline by this court would result in grave injustice; or
      (d) That the misconduct established is deemed by this court to warrant substantially different discipline.

LR 83.21.4.

      With these considerations in mind, the Court has reviewed the report of the pro bono prosecutor, as well as the briefs filed by Respondent. Upon due consideration of the record and the briefs, the Court does not find that the disciplinary procedures that were undertaken against Respondent were lacking in notice or the opportunity to be heard, and Respondent was not otherwise prevented from receiving the process that was due to him. Additionally, the Court does not find that there was such an infirmity of proof of attorney misconduct on the part of Respondent to cause this Court to find that it could not accept as final the ultimate conclusion of the majority of the Pennsylvania Supreme Court to suspend Respondent from the practice of law in Pennsylvania for a period of five years.[1] Accordingly, the Court agrees with the

---

[1] Defendant appears to argue that the state disciplinary proceedings were unfair because the discipline ultimately imposed was actually more severe than that initially recommended. The Court recognizes that the discipline that was ultimately imposed upon Respondent actually increased at each successive stage of prosecution and appeal. Nevertheless, the Pennsylvania Rules of Disciplinary Enforcement expressly provide that such increased punishment may result where a respondent-attorney appeals a decision of the Disciplinary Board of the Supreme Court of Pennsylvania: "Review by the Supreme Court shall be de novo and the Court may impose a sanction greater or less than that recommended by the Board." Pa. Rules of Disciplinary Enforcement 208(d)(2)(iii). Moreover, as Respondent had been a member of the bar for more than three decades, the Court finds even less persuasive Respondent's insinuation that the

recommendation of the pro bono prosecutor that the five-year suspension that the Supreme Court of Pennsylvania imposed was reasonable and appropriate, and Respondent should receive identical discipline suspending him from the practice of law before the United States District Court for the Middle District of Pennsylvania for a period of five years.

Accordingly, **IT IS HEREBY ORDERED THAT** Respondent shall be suspended from the practice of law before this Court for a period of five years from the date this order is entered. The Clerk of Court shall close the file.

    s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: January 4, 2007

---

enhanced discipline ultimately meted out following his appeals was unfair. Additionally, as the pro bono prosecutor noted in his memorandum, at both the Hearing Committee level and at the Disciplinary Board, minority recommendations were for punishment significantly more severe than that ultimately recommended and imposed.